Cos, J.
Plaintiffs file their petition to restrain the Village of Nor-wood from proceeding to improve the Carthage road from the Montgomery road to the north corporation line of said village in accordance with ordinances of the village, adopted July 20, 1891, and September, 1891, and to enjoin said corporation from assessing the expenses of said improvement on the property of plaintiffs.
Plaintiffs allege that said road has been a highway, in public use long prior to the incorporation of the village, which was in 1885. That on the 28th of April, 1890, the General Assembly of Ohio enacted a law to authorize the County Commissioners of Hamilton county, Ohio, to levy a tax for grading, macadamizing, and improving this road, part of which lies without and part within the village of Nor-wood. That ip conformity with said act the Commission *306 ers of Hamilton county have proceeded to levy, and have levied a tax upon the general duplicate of Hamilton county, and have provided thereof a fund for said improvement, and have improved and are now engaged in improving the said road, by grading the same in a suitable manner, etc.; and that by reason of said act and the proceeding of the commissioners, the village of Norwood has no power to declare it necessary to further improve said avenue and charge the expense thereof upon the property abutting on said avenue.
As a further cause of action, plaintiffs say that the lands-abutting on said road within the points sought by the village to improve, are mostly farming lands, with few houses builded thereon, and but few inhabitants residing thereon, and that the village is seeking to impose an assessment of $2.10 per front foot on all of Said property, and that the ordinance declaring it necessary to make said improvement, is entirely without any authority; that' said improvement will not be needed until the village shall have increased from 1800 as, at present to 30,000 inhabitants, and said improvement will be a gross abuse of the discretion entrusted to the council, and was not taken in good faith.
That said improvement will not be of any benefit to plaintiffs’ property, and will not afford any better access to their property, and that the aseessment proposed is largely in excess of 25 per cent, of the value of said lands abutting upon said avenue to the depth of ordinary lots of the village; and that a large part of the expense must be borne by the village of Avondale, and the clerk has not certified to the council that the money required to be paid by the village is now in the treasury.
Plaintiffs further allege, that as owners of the abutting property, they have held the fee in this road subject to the easement of the public as a highway to the width of forty feet from the earliest time of the settlement of the county ; that they have had always a right to cross and pass along said road; that part of them have for many years lastjpast, constructed and main *307 tained a pavement or sidewalk along the side of said road in front of their premises which have houses thereon, and that said pavement is necessary to the enjoyment of the premises, and that the County Commissioners in improving said road, under,the Act of 1890, respected the said sidewalk and left it undisturbed, and that there is a need for said walk on the east side of said road as well as on the west; and that the village has a general ordinance which provides that the sidewalk on each side of a street or road shall constitute one-fifth of the entire roadway, and the remainder shall constitute the roadway for vehicles. But, that notwithstanding these facts, and without warrant or authority of law, and disregarding the ancient rights of plaintiffs, said village has provided, in the ordinance aforesaid, passed by it for the improvement of said road, that said avenue shall bo graded to the full width of forty feet, and that the curb line of the roadway shall be the west line of said road and flush with the property line of plaintiffs, and that the sidewalk along the east side shall be ten feet wide, and the roadway thirty feet wide, thus depriving plaintiffs entirely of sidewalk privileges, or space for a sidewalk on the west side of the road.
To this petition the defendant filed a demurrer alleging first, that the plaintiff had no legal capacity to sue, as the action is not brought for the use of the corporation, and it does not appear that the village solicitor has been requested, but refused to bring the suit. And for second cause, that each of said allegations of causes of action is insufficient in law.
As to the first cause of demurrer, we think it is not well taken. These plaintiffs, as owners of property abutting on the roadway proposed to be improved, have a private right of action to insist that the property shall not be illegally assessed.
As to the demurrer to the other cause of action, we are also of the opinion that it is not well taken.
The allegation in substance is, that more than a year before the village took steps to improve the road, the legislature of *308 the state had passed an act authorizing the commissioners of the county to improve it, and for the purpose of paying for the improvement, to levy a tax on the general duplicate of the county, and that in accordance therewith the commissioners hand levied that tax and were proceeding to improve the road in accordance with the act.
All municipal corporations are, by the constitution of the state, creatures of legislative action. They are but parts of the arms of the state to carry out the government of the state. The legislature may delegate a portion of the authority of the state in making roads within the corporate limits of a village to the village authorities, or to any other agency they see proper; and when they do so, their action cannot be overruled by the courts, unless the act, or some part of it, be in contravention of the constitution of the state.
Tn thi§ case the legislature has seen proper to put the improvement of this road in the. control of the county commissioners, giving authority to levy a tax on the entire county, and not on the abutting property alone, to pay for it, and have provided if there be any surplus over that necessary to improve the road, that the commissioners shall apply it to maintaining and keeping the road in order. The commissioners have acted under that authority and until some change be made in the legislation of the state, the court cannot interfere. It may be questioned whether in this case the village had authority to pass an ordinance-to improve this road and certainly when the commissioners have undertaken to improve in a particular manner, the council cannot interfere, by attempting to improve in any other.
But it is not really necessary to decide that point, in view of another which we think conclusive on the subject.
The ordinance of July 20, 1891, passed by the village authorities, provides that there shall only be a sidewalk on one side of the road', and that on the east side; that it shall be six feet wide, and the remaining thirty feet of the avenue constitute the roadway, the west line thereof becoming the west *309 curb line of said avenue. This, we think, if not contrary to the positive law,-is contrary to all usage of streets in municipal corporations. It is alleged in the petition (and the demurrer admits the fact), that by the general ordinance of the village, in all public -streets or roads within said village, the sidewalk upon each side of the street shall constitute one-fifth of the roadway, and that a pavement shall be on each side of the roadway ; and that the remainder of said street shall constitute the roadway for vehicles.
ForaJser, Blade & Bosworth, and B. B. Bale, for plaintiffs.
W. E. Bundy, for defendant.
This general ordinance is a-reasonable one, and no good reason appears why this particular roadway should be an exception to the general rule in the village. It is certainly in contravention of the rights of the property holders on the west that the curb line of the road should be run up to his line without any privilege of a sidewalk, and he be required to pay for'one on the other side. The contrary seems to have been the policy of the law.
The statute, sec. 3232, provides that the village may construct a sidewalk on one side, with a crossiug over to the other side, and collect therefor from the owner of land on both sides, but it also provides that if it be deemed necessary to construct a sidewalk on the other side, the charge therefor shall also be assessed on both sides.
The ordinance under consideration deprives the owner of property on one side of a sidewalk, such as we think he is entitled to.
It is true that by the proposals for the improvement, it was stated that there should be a sidewalk of five feet one each side, yet that does not change the status of the question, for it is not authorized by the ordinance providing for the improvement.
The demurrer will be overruled, and decree entered- for plaintiffs, enjoining the village for proceeding under said ordinance.